# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Priority  Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

## CIVIL MINUTES - GENERAL

Case No. SA CV 06-0628 DOC (RNBx)                              Date: February 21, 2007

Title: DNP INTERNATIONAL CO., INC. v. CHENTAO HANG, ZHIQI ZHU, XUEHONG WANG, and DOES 1 through 10

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                        Date:_____    Deputy Clerk:_____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT CHENTAO HANG'S MOTION FOR RELIEF FROM DEFAULT

Before the Court is Defendant Chentao Hang's Motion for Relief from Default ("Motion"). The Court finds the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 26, 2007 has been removed from the Court's calendar. After reviewing the moving, opposing, and reply papers, for the reasons set forth below, the Court DENIES the Motion.

Plaintiff DNP International Co., Inc. ("DNP") brought this action against Defendant on July 10, 2006 in the Central District of California. Its Complaint alleged that Defendant conspired with other persons to access, use, and steal DNP's proprietary and confidential information for their own personal gain. Decl. of Olivier A. Taillieu ¶ 3. Under court rules, Defendant's response was due on or before September 14, 2006. *Id.* ¶ 12. Because Defendant never filed a response, DNP filed a Request for Entry of Default on December 6, 2006. *Id.* Ex. F ("Request for Entry of Default"). The Clerk thereafter

MINUTES FORM 11 DOC
CIVIL - GEN


DOCKETED ON CM
FEB 21 2007
BY _____ 024

Initials of Deputy Clerk
Page 1 of 3

19

entered default against Defendant on December 18, 2006.

Under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, a court may set aside default for good cause or where the default judgment is void. Defendant now moves the Court to set aside the default entered against him pursuant to these rules, contending that the service he received was defective. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1991) (granting relief from default where service or process found deficient).

On August 3, 2006, DNP attempted to serve its Complaint on Defendant at the offices of Mr. Bin Li, Defendant's attorney in a state court action that DNP filed in 2005. Taillieu Decl. Ex. A ("Proof of Service"). Acknowledging that Li was his attorney in another suit brought by DNP and that he therefore had actual authority to accept service of process on his behalf in that suit, Defendant maintains that Li was hired for his defense in that lawsuit only, and that the scope of this representation did not include authorization to accept service in any other action. Decl. of Chentao Hang ¶ 5; Decl of Bin Li ¶ 5. Defendant further contends that this representation did not grant Li implied authority to accept service of process on his behalf because Li's activities were "purely 'primary professional functions' insufficient to warrant a finding of implied authority to receive service of process." *Olympus Corp. v. Dealer Sales & Serv., Inc.*, 107 F.R.D. 300, 306 (E.D.N.Y. 1985) (citing *53rd & 7th Corp. v. Rossi*, 381 N.Y.S. 2d 372 (1975)).

Even if the Court were to agree with Defendant that this service was defective, his Motion would still fail because this was not the only service that DNP rendered. DNP also served Defendant through substituted service at his home address in Irvine, California on August 24, 2006, well within the 120 days it was allowed to render service under Rule 4(m). Taillieu Decl. Ex. B ("Proof of Service"). This service was proper in accordance with Rule 4(e)(2), and Defendant does not quarrel on this point. Defendant instead asks the Court to ignore this critical fact because "proof of substitute service on Defendant at his place of residence does not appear in the request for entry of default papers." Reply Br. 2:14-16.

But Defendant cites to no law, and even no equitable basis, supporting his request. Proof of Service for the substituted service at Defendant's home was filed on September 11, 2006, and docketed on September 14, 2006. Although DNP's Request for Entry of Default only expressly mentions the service rendered at Li's office, nowhere does it state or insinuate that this was the only service it actually rendered on Defendant. Taillieu Decl. Ex. F ("Request for Entry of Default"). A civil default order requires only that the defendant have been properly served once, and there is no reason to believe that the Clerk would have treated DNP's Request for Entry of Default any differently had it also enumerated this apparently redundant service.

On these facts it is inconceivable how Defendant has been at all prejudiced in this matter. Though it was only obligated to wait 20 days, DNP waited approximately three months before filing its Request for Entry of Default. At any time, Defendant could have retrieved the public court records of

this case and viewed proof of all the service that had been made upon him. Defendant makes no argument that DNP's September 11, 2006 personal service was legally insufficient. He also does not argue that this personal service or the August 24, 2006 service on his attorney failed to properly reach and inform him of the charges DNP had brought. Instead, Defendant ignored this lawsuit for over three months and now seeks to escape default on a technicality that does not exist.

The Court will not so enable Defendant to misapply the Rules of Civil Procedure or the Local Rules of this District. Accordingly, Defendant's Motion is DENIED.

The Clerk shall serve this minute order on all parties to the action.