Name  Jason J.L. Yang / SBN No. 233962

Address  110 West First Street, Suite 2

City, State, Zip  Brea, CA 92821

Phone  (714) 529-8528

Fax  (714) 529-8529

E-Mail  jason@jyanglaw.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

Bill _____

Fees ___ _____

Frms Gvn ___

CAD ___

TDO ___

Ntc/ kt Mld ___

FP Frms Gvn ___

FILED

2007 MAY 23  AM 11: 32

DOCKETED ON CI

MAY 25 2007

BY ___  18

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNP INTERNATIONAL CO., INC.<br><br>PLAINTIFF(S),<br><br>v.<br><br>CHENTAO HANG, an individual; et al.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>SACV 06-628 DOC  (RNBx)<br><br>---<br><br>NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that _____ CHENTAO HANG _____ hereby appeals to
_Name of Appellant_
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:


☐ Bail status:

**Civil Matter**

☒ Order (specify):
  Motion for Relief from Default

☐ Judgment (specify):

☐ Other (specify):

THAT THIS DOCUMENT WAS SERVED BY
CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
RTIES AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
D, IN THIS ACTION, ON THIS DATE.

DATED: _____ 5-25-07 _____

DEPUTY CLERK _____

Imposed or Filed on _____ April 23, 2007 _____.  Entered on the docket in this action on April 24, 2007

A copy of said judgment or order is attached hereto.


_____ May 21, 2007 _____
Date

_____ [signature] _____
Signature
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
attorneys for each party.  Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

---

A-2 (01/07)                                          NOTICE OF APPEAL

(34)

# NOTICE OF APPEAL

**Appellant:** Defendant Chentao Hang

**Attorney for Appellant:**
Jason J.L. Yang / Bar No. 233962
LAW OFFICES OF JASON YANG, PLC
110 West First Street, Suite 2
Brea, CA 92821
Tel: (714) 529-8528
Fax: (714) 529-8529


**Appealee:** DNP International Co., Inc.

**Attorney for Appealee:**
Oliver A. Taillieu / Bar No. 206546
Zuber & Taillieu LLP
9595 Wilshire Blvd. 9th Floor
Beverly Hills, CA 90212
Tel: (310) 300-8480
Fax: (310) 300-8481



✓ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 23 2007

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   DNP INTERNATIONAL CO., INC.,     )     CASE NO. SA CV 06-628 DOC
                                       )     (RNBx)
12          Plaintiff(s),              )
                                       )
13             v.                      )     [~~PROPOSED~~] O R D E R DENYING
                                       )     DEFENDANT CHENTAO HANG'S
14   CHENTAO HANG, ZHIQI ZHU,          )     MOTION FOR RELIEF FROM
     XUEHONG WANG, and DOES 1          )     DEFAULT AND DEFAULT
15   through 10,                       )     JUDGMENT
                                       )
16          Defendant(s).              )

DOCKETED ON CM

APR 24 2007

BY_____024

17
18
19
20

21          Before the Court is Defendant Chentao Hang's Motion for Relief from Default

22   ("Motion").  After reviewing the moving, opposing, and reply papers and oral argument from

23   both parties, and for the reasons set forth below, the Court DENIES the Motion.

24   I.     BACKGROUND

25          Plaintiff DNP International Co., Inc. ("DNP") brought this action against Defendant on

26   July 10, 2006 in the Central District of California.  Its Complaint alleged that Defendant

27   conspired with other persons to access, use, and steal DNP's proprietary and confidential

28   information for their own personal gain. Decl. of Olivier A. Taillieu ¶ 3.

25

1        Prior to commencing the instant action in federal court, DNP brought various state law

2    claims against Defendant in state court (the "Underlying Case"). On August 3, 2006, DNP

3    served its Complaint in the instant federal action at the offices of Bin Li, who represented

4    Defendant in the Underlying Case. Taillieu Decl. Ex. A ("Proof of Service"); *see also* Decl. of

5    Bin Li ¶ 1; Decl. of Chentao Hang ¶ 5. DNP later performed substitute service at the

6    Defendant's address in Irvine, California.

7        Under court rules, Defendant's response was due on or before September 14, 2006. *Id.* ¶

8    12. Because Defendant never filed a response, DNP filed a Request for Entry of Default on

9    December 6, 2006. *Id.* Ex. F ("Request for Entry of Default"). The Clerk thereafter entered

10   default against Defendant on December 18, 2006.

11       On January 23, 2007, Defendant filed his first motion for relief from default, within

12   which he argued that the default was invalid because the service DNP rendered on Li was not

13   effective. Finding no cause for relief, the Court rejected that motion on February 21, 2007. On

14   March 14, 2007, Defendant filed the instant Motion seeking relief from default. This Motion is

15   substantially identical to Defendant's prior motion save that it additionally argues that the

16   substitute service DNP rendered on Defendant's residence was also ineffective.

17   **II.    LEGAL STANDARD**

18       Under Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry

19   of default for "good cause shown." Fed. R. Civ. P. 55(c). In performing a good cause analysis,

20   a district court considers three factors: (1) whether setting aside the default would prejudice the

21   plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's

22   culpable conduct led to the default. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d

23   1104, 1108 (9th Cir. 2000). Because "this tripartite test is disjunctive," a district court is be free

24   to deny the motion "if any of the three factors [is] true." *Id.* (quoting *In re Hammer*, 940 F.2d

25   524, 526 (9th Cir. 1991).

26   **III.   DISCUSSION**

27       **A.    DNP Properly Served Defendant**

28       Defendant now moves the Court to set aside the default entered against him pursuant to

1   these rules, contending that the service he received was defective. *See Mason v. Genisco Tech.*

2   *Corp.*, 960 F.2d 849, 851 (9th Cir. 1991) (granting relief from default where service of process

3   found deficient). It was not.

4          A lawyer can be a client's implied agent to receive service of process when he repeatedly

5   represented that client in an underlying case and where the totality of the circumstances

6   demonstrates the client's intent to convey such authority. *Rubin v. Pringle*, (*In re Focus Media*

7   *Inc.*), 387 F.3d 1077, 1079 (9th Cir. 2004). "The critical inquiry in evaluating an attorney's

8   authority to receive process is, of course, whether the client acted in a manner expressly or

9   impliedly indicated the grant of such authority." *Id.* at 1083 (citing *Olympus Corp. v. Dealer*

10  *Sales & Serv., Inc.*, 107 F.R.D. 300, 305 (E.D.N.Y. 1985)). Where agency to accept service of

11  process is implied, it must be implied "from all the circumstances accompanying the attorney's

12  appointment which indicate the extent of authority the client intended to confer." *Rubin*, 387

13  F.3d at 1083 (citations omitted).

14         Defendant and Li, his attorney in the Underlying Case, both claim that Defendant never

15  gave express authorization for Li to accept service on his behalf. Hang Decl. ¶ 5; Li Decl. ¶ 5.

16  The circumstances of this litigation nonetheless reveal that such authority was implied. Li

17  represented Defendant in a closely related adversarial proceeding in state court that involved not

18  only the same parties but the same underlying facts. Taillieu Decl. ¶ 6. In that action, Li

19  accepted service of DNP's complaint and regularly accepted service of other documents on

20  Defendant's behalf. *Id.* ¶¶ 7, 9-10. Defendant did not on any of those prior occasions object to

21  service through his attorney. *Id.* ¶ 10. In addition, Li was Defendant's only attorney in the

22  Underlying Case, during which Li demonstrated he was privy to substantial confidential legal

23  information and was trusted to act independently by representing Defendant during depositions,

24  preparing Defendant's responses to discovery, and filing multiple papers on Defendant's behalf.

25  *Id.* ¶ 8. Taken together, these facts are indicative of precisely the sort of relationship between an

26  attorney and his client in which it is appropriate to imply the authority to accept service of

27  process. *See generally Rubin*, 387 F.3d 1077 (finding counsel was impliedly authorized to

28  accept service where he had earlier represented client in a closely related adversarial

3

1    proceeding).

2        The Court is also not convinced that the service DNP rendered to Defendant's address in

3    Irvine, California was deficient.  The Federal Rules of Civil Procedure allow for service of a

4    Complaint to a party's residence "by leaving copies [of the summons and of the complaint] at the

5    individual's dwelling house or usual place of abode with some person of suitable age and

6    discretion then residing therein . . . ."  Fed. R. Civ. P. 4(e)(2).  DNP rendered such substitute

7    service on Defendant's residence in Irvine, the address of which was determined through

8    Defendant's discovery responses the Underlying Case, fewer than 6 months after Defendant

9    himself confirmed this address in his March 22, 2006 deposition.  *See* Taillieu Decl. Ex. B

10   ("Proof of Service") (demonstrating substitute service at Defendant's Irvine address on August

11   24, 2006); *id.* Ex. D (form interrogatory responses in which Defendant stated his address was

12   207 Las Palmas Drive; Irvine, California 92602); *id.* Ex. E (testimony of Defendant's March 22,

13   2006 deposition confirming the address given in his prior form interrogatory responses).

14       Defendant now claims that this substitute service was inadequate because he was living in

15   British Columbia, Canada at the time.  Hang Decl. ¶ 3.  To this effect, Defendant provides a

16   variety of utility bills demonstrating that he lived in British Columbia at the relevant time.  *See*

17   *id.* Exs. A-C.  The Court takes no issue with this fact.  At the same time, it is well established

18   that a person may have more than one dwelling house or usual place of abode for the purposes of

19   Rule 4(e)(2).  *See, e.g., Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 524

20   (9th Cir. 1997) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir.)).  The

21   fact that Defendant was living in British Columbia at the time DNP performed substitute service

22   on his residence in Irvine therefore does not necessarily render that service invalid.

23       Defendant apparently recognizes this important distinction in his reply papers, noting that

24   "[Defendant] no longer lived at the address at which he was purportedly sub-served, as is clearly

25   stated in his Declaration accompanying this motion."  Reply 2:20-22.  But Defendant's

26   Declaration states no such thing, remarking only that "I was, at the time I was purportedly

27   served, at my residence living in British Columbia, Canada."  Hang Decl. ¶ 3.  This falls far

28   short of an unequivocal statement that Defendant did not also live or share dwelling at his Irvine

4

1   residence.  Also conspicuously absent from the record is any other evidence indicating that

2   Defendant no longer made residence in Irvine, such as a bill of sale, proof of deed transfer, or

3   testimony a current occupant at the Irvine residence.

4         Without any evidence demonstrating that Defendant ceased residing at his Irvine

5   residence at the time DNP performed substitute service, the Court simply cannot declare that this

6   service was invalid.  This is especially true given that federal courts liberally construe statutes

7   authorizing service where, as here, the party to be served does not dispute that actual notice has

8   occurred.  *See, e.g., Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963) (finding

9   service valid where copy of summons and complaint left at defendant's Maryland house in

10  which he had lived prior to moving ahead of his family to Arizona); *Blackhawk Heating &*

11  *Plumbing Co., Inc. v. Turner*, 50 F.R.D. 144 (D. Ariz. 1970) (finding service valid where

12  summons left with defendant's daughter in dwelling where defendant had lived until shortly

13  before service was made).

14       **B.**    **Defendant Has Not Shown Good Cause to Set Aside Entry of Default**

15        Even if the Court agreed that the service DNP rendered was technically deficient

16  Defendant would not be entitled to relief from default because his culpable conduct led to its

17  entry.  "A defendant's conduct is culpable if he has received actual or constructive notice of the

18  filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521

19  (9th Cir. 1987); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir.

20  2001) ("[A] defendant's conduct is culpable if he has received actual or constructive notice of

21  the filing of the action and intentionally failed to answer.") (quoting *Alan Neuman Prods., Inc. v.*

22  *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)); *Direct Mail Specialists, Inc. v. Eclat*

23  *Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988); *Pena v. Seguros La*

24  *Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985).  Critically, while he contests the technical

25  sufficiency of the service DNP rendered, Defendant never disputes that the August 24, 2006

26  service on his attorney properly reached and informed him of DNP's Complaint.

27        Defendant's experience in the Underlying Case also supports finding him culpable for the

28  entry of default.  "Absent some explanation . . . , it is fair to expect that individuals who have

1   previously been involved in litigation or have consulted with a lawyer appreciate the

2   consequences of failing to answer and do so only if they see some advantage to themselves.

3   *Knoebber*, 244 F.3d at 699 n.6; *see also Direct Mail*, 840 F.2d at 690; *Meadows*, 817 F.2d at

4   522.  Not only had Defendant consulted with lawyers and likely developed familiarity with legal

5   procedures during the Underlying Case, that exposure in particular mitigates in favor of finding

6   Defendant culpable for the default because it involved the very same parties and occurred

7   contemporaneous with the filing of DNP's Complaint.

8        All of these facts direct the Court to its conclusion that Defendant's culpable conduct led

9   to the entry of default.  Accordingly, Defendant has failed to show good cause and the Court

10  declines to set aside the entry of default against him.

11  **IV.    DISPOSITION**

12       For the reasons set forth above, Defendant's Motion is DENIED.

13

14  IT IS SO ORDERED.

15  DATED:  April 23, 2007

16

17                                          _____
                                            DAVID O. CARTER
18                                          United States District Judge

19

20

21

22

23

24

25

26

27

28